# EXHIBIT A

CAUSE NO.: D-1-GN-21-005618



| | | |
|---|---|---|
| IESHIA STANLEY | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 459th JUDICIAL DISTRICT |
| | § | |
| UNITED PARCEL SERVICE, INC. | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Ieshia Stanley, and files this Original Petition complaining of Defendant United Parcel Service, Inc., and for cause of action would show the Court the following:

### I.

### DISCOVERY

1.1   Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

### II.

### THE PARTIES

2.1   Plaintiff is an individual who can be contacted through counsel.

2.2   Defendant United Parcel Service, Inc. is an entity that may be served through its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

### III.

### JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1   The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. Plaintiff seeks monetary relief over $250,000 but less than $1,000,000.

3.2     Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.3     All conditions precedent have been performed or have occurred.

## IV.

## FACTS

4.1     Plaintiff is employed by UPS as a part time Automotive Supervisor. Plaintiff worked with a supervisor named Eric Gorske starting in 2016 and had always had issues with him. However when he moved to day shift in October, 2019 Eric made it very uncomfortable for Plaintiff to work at UPS. Eric consistently treated Plaintiff differently than her white, male co-workers.

4.2     Unlike her co-workers, Eric would never send Plaintiff emails. Instead, he would leave her numerous sticky notes regarding tasks he wanted done. He also spoke to Plaintiff in an intimidating tone which he did not use with others. Eric told Plaintiff's coworkers that she did not do any work at UPS and that he wanted to get rid of her. He also told coworkers that Plaintiff was a liar and that problems in the automotive department stemmed from her. Unlike her coworkers, Eric would watch the clock to monitor Plaintiff's comings and goings from work and while at work, including restroom breaks. He monitored Plaintiff's work more closely than her coworkers, including questioning orders Plaintiff made for the shop, and insinuating Plaintiff was ordering unnecessary items. Eric excluded Plaintiff from the daily safety meetings and often made sarcastic, belittling remarks to her. He treated Plaintiff as if she did not belong in or deserve to be in the automotive department.

4.3     Eric also made racist comments to Plaintiff. In October 2019, he called Plaintiff a worthless nigger to another employee. He also bragged about how he burned crosses in a black mans yard in his younger days.

4.4     Plaintiff reported Eric's behavior and that Plaintiff believed Plaintiff was being discriminated against by Eric in May 2020. Plaintiff was assured that the matter would be investigated and the situation would be handled. UPS did initiate an investigation, but management did nothing to separate Plaintiff from Eric and she continued to be supervised by Eric until July when her request to be transferred to a different facility was granted. This occurred despite the fact that by May, 22, 2020 UPS had corroborated Plaintiff's complaint that Eric had called her a "worthless nigger". During that two month timeframe Eric retaliated against Plaintiff for making her discrimination complaint by bad mouthing her to her co-workers and calling her complaints a lie. This behavior turned what was already a highly stressful and uncomfortable work situation into an emotionally crippling and hostile work environment. Plaintiff made numerous complaints to management but they simply assured her that the matter was being dealt with without offering any solutions. The stress Ms. Stanley endured culminated in the miscarriage of her pregnancy on June 22, 2020. Eric retaliated against Plaintiff for her complaint by talking badly about her to her co-workers and calling her a liar. Plaintiff began to suffer from depression and was put on an antidepressant by her medical provider.

4.5     Eric was eventually terminated because of his treatment of Plaintiff. However, because of Eric's retaliatory comments to coworkers Plaintiff's work situation remained hostile because some of her coworkers had been friends with Eric and blamed Plaintiff for his termination.

4.6     As a supervisor who had authority over hiring, advancement, dismissals, discipline or other

3

employment decisions affecting Plaintiff, the harassment of Plaintiff by her supervisor altered the terms, conditions or privileges of her employment as Plaintiff was subject to harassment based on Plaintiff's gender and race that was unwelcome and undesirable and offensive.

## V.
## CAUSES OF ACTION

5.1   The allegations contained in Paragraph 4.1-4.6 are hereby incorporated by reference for all causes of action.

### Gender and Race Discrimination under the Texas Commission on Human Rights Act

5.2   The conduct of Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes gender and race discrimination in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

"An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

5.3   Plaintiff was subjected to harassment, discrimination and a hostile work environment because of her gender and/or race. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

4

### Retaliation under the Texas Commission on Human Rights Act

5.4 Defendant, through its agents, employees, managers, and supervisors retaliated against Plaintiff for making a discrimination complaint, assisting or participating in a discrimination investigation, and otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint, assisted and participating in a discrimination investigation, and opposed a discriminatory practice by Defendant and was subjected to a hostile work environment, and there is a causal connection between the making of the discrimination complaint, the assistance and participation in a discrimination investigation, and opposition to the discriminatory practice and the hostile work environment. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below. Defendant's retaliatory actions violated the Texas Commission on Human Rights Act. Alternatively, they were a motivating factor of Defendant with respect to its employment decisions regarding Plaintiff.

### Gender and Race Discrimination Under Title VII

5.5 Plaintiff was discriminated against, harassed and subjected to a hostile work environment because of her gender and/or race, or on the basis of her gender and/or race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-2(a)(1). Defendant is an employer within the meaning of Title VII. Title VII provides that it shall be unlawful for an employer to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's gender and/or race, or to limit, segregate, or classify employees for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect status as an employee because of such individual's gender and/or race.

5.6     Defendant, through its agents, employees, managers, and supervisors, intentionally discriminated against Plaintiff because of her gender and/or race, or on the basis of gender and/or race in violation of Title VII by subjecting her to a hostile work environment because of her gender and/or race. Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant because of her gender and/or race. Plaintiff's gender and/or race was a determining or motivating factor in Defendant's discrimination against her. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## Retaliation under Title VII

5.7     Defendant retaliated against Plaintiff for making a discrimination complaint, assisting or participating in a discrimination investigation, and otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint, assisted and participated in a discrimination investigation, and opposed a discriminatory practice by Defendant, then was subjected to a hostile work environment and otherwise discriminated against, and there is a causal connection between the making of the discrimination complaint, the assistance and participation in a discrimination investigation, and opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below. Defendant's retaliatory actions violated Title VII. Alternatively, they were a motivating factor of Defendant with respect to its employment decisions regarding Plaintiff.

### Race Discrimination

5.8     42 U.S.C. §1981, as amended, prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of benefits, privileges and conditions of the contractual relationship. Defendant intentionally discriminated against, retaliated against, and harassed Plaintiff because of her race or on the basis of race in violation of 42 U.S.C. §1981 by unlawfully discriminating against him because of her race. Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant because of her race. Plaintiff's race was a determining or motivating factor in Defendant's decision to discriminate against her and harass her.

## VI.

## DAMAGES

6.1     As a result of Defendant' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VII.

## COMPENSATORY DAMAGES

7.1     Defendant has intentionally engaged in unlawful employment practices. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1   A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE TEX. LAB. CODE §21.259. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, an appeal to the Texas Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

8.2   A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE Title VII, 42 U.S.C. §2000e-5(k), et. seq. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre- appeal work, any appeal to the Fifth Circuit Court of Appeals, or an appeal to the United States Supreme Court, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## IX.

## PUNITIVE DAMAGES

9.1   Defendant has acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial. Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## X.

## JURY DEMAND

10.1    Plaintiff demands a trial by jury of all the issues and facts in this case and has tendered the requisite fee with the filing of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as follows:

1. Judgment against Defendant for all damages alleged in this petition;
2. Interest before and after judgment at the highest rate provided by law, until paid;
3. Costs of suit;
4. Reasonable and necessary attorneys' fees and expert witness fees;
5. Injunctive and declaratory relief; and
6. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Highway, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

/s/ *John F. Melton*
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com
ATTORNEYS FOR PLAINTIFF

THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS
A Non-Profit Corporation

---

**IF YOU NEED A LAWYER
AND DON'T KNOW ONE,
THE LAWYER REFERRAL SERVICE
CAN HELP**

**512-472-8303**
866-303-8303 (toll free)
www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation,
bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

---

**SI USTED NECESITA EL CONSEJO DE UN
ABOGADO Y NO CONOCE A NINGUNO
PUEDE LLAMAR
A LA REFERENCIA DE ABOGADOS**

**512-472-8303**
866-303-8303 (llame gratis)
www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia,
indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

CITATION
THE STATE OF TEXAS
**CAUSE NO. D-1-GN-21-005618**

IESHIA STANLEY

, Plaintiff

vs.
UNITED PARCEL SERVICE INC

, Defendant

TO:   UNITED PARCEL SERVICES INC
      BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
      D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
      211 E. 7TH STREET #620
      AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on SEPTEMBER 23, 2021 in the 459TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, September 27, 2021.

REQUESTED BY:
JOHN FOSTER MELTON
925 S CAPITAL OF TEXAS HWY STE B225
AUSTIN, TX 78746
BUSINESS PHONE:(512)330-0017   FAX: (512)330-0067

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MELISSA ROMERO

- - - - - - - - - - RETURN - - - - - - - - - -

Came to hand on the __28__ day of __Sept.__, __2021__ at __9:55__ o'clock __A__ M., and executed at _____ within the County of _____ on the __28__ day of __Sept.__, __2021__, at _____ o'clock ____ M.,
by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-21-005618                    SERVICE FEE NOT PAID                    P01 - 000112960